LOPES V ORACLE CORPORATION, ET AL

DEFENDANTS' NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1332

# EXHIBIT B

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
BALDWIN J. LEE (BAR NO. 187413)
ALEXANDER NESTOR (BAR NO. 202795)
Three Embarcadero Center, 12th Floor
San Francisco, California  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  blee@allenmatkins.com
         anestor@allenmatkins.com

Attorneys for Defendants
ORACLE AMERICA, INC. and JAMES SHARUM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| CORNELIUS LOPES,<br><br>   Plaintiff,<br><br>   vs.<br><br>ORACLE CORPORATION, JAMES SHARUM,<br><br>   Defendants. | Case No. 20CV368876<br><br>**DEFENDANTS ORACLE AMERICA, INC.'S AND JAMES SHARUM'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:  July 29, 2020 |

Defendants Oracle America, Inc., erroneously sued as Oracle Corporation, and James Sharum respond to Plaintiff Cornelius Lopes' ("Plaintiff") First Amended Complaint ("FAC") as follows:

Pursuant to the provisions of Section 431.30 of the Code of Civil Procedure, Defendants deny generally and specifically each and every allegation contained in Plaintiff's FAC.

Defendants further deny, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act, breach, or omission by Defendants, or on the part of any of Defendants' agents, representatives or employees.

Further, Defendants assert the following defenses.  In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The FAC, and each cause of action set forth therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to Code of Civil Procedure sections 335.1, 338, and 340 and Government Code section 12960.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not exhaust his administrative remedies in the manner required by law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' alleged unlawful acts were justified and/or privileged and/or based on a mistake in fact.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because his own actions and course of conduct constitute a waiver of his claims in the FAC and of each purported cause of action contained therein.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate his alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged damages are barred, in whole or in part, because it would be unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because in every employment action challenged in the FAC, Defendants acted at all times in good faith based solely on legitimate business reasons wholly unrelated to any statutorily impermissible factors.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering punitive damages because Defendants at all times made a good faith effort to comply with the law, and any actions taken with respect to Plaintiff were done without malice, conscious disregard or reckless indifference to his rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the prayer for punitive damages is barred in full or in part by the United States and/or California Constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant Oracle is not liable for punitive damages because it did not (a) have advance knowledge of the unfitness of any employee and employ that employee with a conscious disregard of the rights and safety of others, or (b) authorize or ratify any wrongful conduct. (*See* Civ. Code § 3294(b).)

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive damages because Defendant Oracle has in place policies to prevent discrimination in its workplace and made good faith efforts to implement and enforce these policies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all claims by Plaintiff based, in whole or in part, upon any alleged physical or emotional injury or distress arising in the course and scope of employment are barred because

Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Worker's Compensation Act. (*See* Lab. Code § 3600 *et seq*.)

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are barred or offset by the avoidable consequences doctrine because Defendants exercised reasonable care to prevent and correct promptly any improper behavior alleged by Plaintiff, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants, or to otherwise avoid harm to himself.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged damages are barred, in whole or in part, by the after-acquired evidence doctrine.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants deny that any of the actions they took towards Plaintiff were motivated by discriminatory or any other unlawful animus. Defendants would have taken the same action even if it had not relied upon any purported illegal motivation Plaintiff asserts he can establish.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's cause of action for defamation is not actionable because any alleged statements made by Defendants concerning Plaintiff were true.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's cause of action for defamation is not actionable because any alleged statements made by Defendants concerning Plaintiff were statements of opinion.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action for defamation is not actionable because Plaintiff consented to publication of any allegedly defamatory statements.

Defendants have not yet completed discovery or investigation regarding the FAC, and accordingly, reserve their right to amend, modify, revise or supplement their Answer, and to plead such further defenses and take such further actions as they may deem proper and necessary in their defense upon the completion of said investigation and discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants and against Plaintiff and that the FAC be dismissed with prejudice;

2. That Defendants be awarded costs of suit;

3. That Defendants be awarded their reasonable attorneys' fees as may be determined by the Court; and

4. That the Court award such other and further relief as it deems just and proper.

Dated: March 21, 2022

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/
BALDWIN J. LEE
ALEXANDER NESTOR
Attorneys for Defendants
ORACLE AMERICA, INC. and
JAMES SHARUM

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is Three Embarcadero Center, 12th Floor, San Francisco, California 94111-4074.

On March 21, 2022, I served the within document(s) described as:

**DEFENDANTS ORACLE AMERICA, INC.'S AND JAMES SHARUM'S ANSWER TO THE FIRST AMENDED COMPLAINT**

on the interested parties in this action as stated below:

Cornelius Lopes          Plaintiff in Pro Per
6251 Quartz Place
Neward, CA 94560
Phone: 510-364-0640
Email: corneliuslopes@gmail.com

☒ **BY ELECTRONIC SERVICE VIA ODYSSEY eFile CA:** By submitting an electronic version of the document(s) to ODYSSEY eFile CA, through the user interface california.tylerhost.net. My electronic notification address is kmoulton@allenmatkins.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 21, 2022, at San Francisco, California.

  Karen Moulton              
(Type or print name)              (Signature of Declarant)